**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

TOMMY JACKSON                                                              PLAINTIFF

v.                                                                    No. 4:06CV82-D-A

CHRISOPHER EPPS, ET AL.                                                   DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court two motions by the *pro se* prisoner plaintiff Tommy

Jackson (# 32944) for preliminary injunctive relief.  The first such motion seeks an order from

the court directing the defendants to permit the plaintiff to keep two mattresses in his cell in

accordance with a doctor's order.  The second motion seeks an order from the court directing the

defendants to stop harassing the plaintiff for filing suit against the defendants.  For the reasons

set forth below, the instant motions shall be denied.

A party must prove four elements to be entitled to preliminary injunctive relief:  (1) a

substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the

injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may

result from the injunction to the non-movant; and (4) that the injunction will not disserve the

public interest.  *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th

Cir. 1996).  A preliminary injunction is an extraordinary remedy, *Cherokee Pump*, 38 F.3d at

249, "not to be granted routinely, but only when the movant, by a clear showing, carries [the]

burden of persuasion."  *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th

Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997

(5th Cir. 1985)).

The plaintiff is unable to demonstrate a substantial likelihood of success on the merits in light of his argument as framed in the instant motion. The plaintiff is unlikely to succeed on the merits of these claims for a variety of reasons. First, he has not provided any proof of exhaustion, and, without exhausting his claims, he may not proceed on the merits under the Prison Litigation Reform Act. Second, he has not shown how his claims differ substantially from the hundreds of such claims brought each year through the routine filing of a prisoner suits under 42 U.S.C. § 1983. As the movant, he has not made a clear showing and carried the burden of persuasion. Accordingly, plaintiff fails to demonstrate a substantial likelihood that he will prevail on his claims, and the instant motions for preliminary injunctive relief shall be denied. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of January, 2007.

 /s/ Glen H. Davidson
CHIEF JUDGE